Filed 3/11/24  P. v. Mendoza CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D082101 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN437554) |
| ANGEL MENDOZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Angel Mendoza appeals from his second degree attempted burglary conviction.  His appointed appellate counsel filed an opening brief raising no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*); Mendoza did not file a supplemental brief on his own behalf.  Our independent review confirms

there are no arguable issues on appeal except an error in the abstract of judgment regarding presentence custody credits. We affirm with directions to correct that error.

## FACTUAL AND PROCEDURAL BACKGROUND

After he got caught trying to break into an unoccupied house, prosecutors charged Mendoza with second degree attempted burglary. A jury convicted Mendoza of the crime. (Pen. Code[1], §§ 459, 460, subd. (b), 664). Mendoza then admitted eight prior felony convictions, four of which were serious or violent felonies (§ 667, subd. (d)). Denying his motion to reduce the conviction to a misdemeanor, and to strike his prior serious and violent felony convictions, the trial court sentenced Mendoza to a one-year middle term for the attempted burglary, doubled to two years under section 667, subdivision (e). The court awarded Mendoza 177 days of presentence custody credits, representing 89 days spent in custody and 88 days of section 4019 conduct credits.

Mendoza filed a timely notice of appeal. His appointed appellate counsel filed an opening brief raising no issues and asking us to review the record for error under *Wende* and *Anders*. Counsel identified three potential issues to assist us in our independent review: (1) whether sufficient evidence existed to support Mendoza's conviction; (2) whether the trial court abused its discretion in denying Mendoza's request to reduce his conviction to a misdemeanor; and (3) whether the trial court abused its discretion by not striking Mendoza's prior serious and violent felony convictions. Both Mendoza's counsel and this court informed him of his right to file a supplemental brief, but Mendoza declined to do so.

---

[1] All subsequent statutory references are to the Penal Code.

2

## DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*, and considered the issues identified by Mendoza's counsel.  The abstract of judgment specifies 80 days presentence custody credits, and therefore does not accurately reflect the 177 days awarded by the trial court.  Otherwise, we find no arguable issue that would result in a reversal or modification of the conviction.  We therefore affirm the judgment with directions to correct the abstract of judgment.  Competent counsel has represented Mendoza on this appeal.

## DISPOSITION

The abstract of judgement filed on April 28, 2023, shall be amended to reflect the 177 days of presentence custody credits awarded by the trial court and a certified copy of the amended abstract shall be sent to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


RUBIN, J.

WE CONCUR:



O'ROURKE, Acting P. J.



CASTILLO, J.

3